FILED
 2009 Oct-28  PM 03:57
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ALABAMA
NORTHEASTERN DIVISION

| | |
|---|---|
| LINDA R. HASTINGS,          ) | |
| )  | |
| Plaintiff,      ) | |
| ) | |
| v.               ) | CIVIL ACTION NO. 08-G-2101-NE |
| ) | |
| MICHAEL J. ASTRUE,          ) | |
| Commissioner of Social Security,  ) | |
| ) | |
| Defendant.      ) | |
| ) | |
| ) | |

## MEMORANDUM OPINION

The plaintiff, Linda R. Hastings, brings this action pursuant to the provisions of section 205(g) of the Social Security Act (the Act), 42 U.S.C. § 405(g), seeking judicial review of a final adverse decision of the Commissioner of the Social Security Administration (the Commissioner) denying her application for Social Security Disability benefits. Plaintiff timely pursued and exhausted his administrative remedies available before the Commissioner. Accordingly, this case is now ripe for judicial review under 205(g) of the Social Security Act (the Act), 42 U.S.C. §405(g).

## STANDARD OF REVIEW

The sole function of this court is to determine whether the decision of the Commissioner is supported by substantial evidence and whether proper legal standards were applied. Bloodsworth v. Heckler, 703 F.2d 1233, 1239 (11th Cir. 1983). To that end this court "must scrutinize the record as a whole to determine if the decision reached

is reasonable and supported by substantial evidence." <u>Bloodsworth</u>, at 1239 (citations omitted).  Substantial evidence is "such relevant evidence as a reasonable person would accept as adequate to support a conclusion." <u>Bloodsworth</u>, at 1239..

## STATUTORY AND REGULATORY FRAMEWORK

In order to qualify for disability benefits and to establish her entitlement for a period of disability, a claimant must be disabled.  The Act defines disabled as the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months . . . ." 42 U.S.C. § 423(d)(1)(A); 42 U.S.C. § 416(I).  For the purposes of establishing entitlement to disability benefits, physical or mental impairment is defined as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § 423(d)(3).

In determining whether a claimant is disabled, Social Security regulations outline a five-step sequential process. 20 C.F.R.§ 404.1520(a)-(f).  The Commissioner must determine in sequence:

    (1)    whether the claimant is currently employed;

    (2)    whether she has a severe impairment;

    (3)    whether her impairment meets or equals one listed by the Secretary;

    (4)    whether the claimant can perform her past work; and

>       (5)     whether the claimant is capable of performing any work in the national
>               economy.

Pope v. Shalala, 998 F.2d 473, 477 (7th Cir.1993); accord McDaniel v. Bowen, 800 F.2d 1026, 1030 (11th Cir. 1986).  "Once the claimant has satisfied Steps One and Two, she will automatically be found disabled if she suffers from a listed impairment.  If the claimant does not have a listed impairment but cannot perform her past work, the burden shifts to the Secretary to show that the claimant can perform some other job."  Pope at 477; accord Foote v. Chater, 67 F.3d 1553, 1559 (11th Cir. 1995).  The Commissioner further bears the burden of showing that such work exists in the national economy in significant numbers.  Id.

In the instant case, ALJ Earl C. Cates, Jr., determined the plaintiff met the first two tests, but concluded that while she has an impairment or impairments considered "severe," her impairments do not meet or equal in severity any impairment set forth at 20 C.F.R. Part 404, Subpart P, Appendix 1. [R. 19].  The ALJ found the plaintiff able to perform her past relevant work as a secretary/office manager and convenience store manager.  [R. 20].

### THE STANDARD WHEN THE CLAIMANT TESTIFIES SHE SUFFERS FROM DISABLING PAIN

In this circuit, "a three part 'pain standard' [is applied] when a claimant seeks to establish disability through his or her own testimony of pain or other subjective symptoms."  Foote, at 1560.

> The pain standard requires (1) evidence of an underlying medical condition
> and either (2) objective medical evidence that confirms the severity of the

> alleged pain arising from that condition or (3) that the objectively
> determined medical condition is of such a severity that it can be reasonably
> expected to give rise to the alleged pain.

Foote, at 1560 (quoting Holt v. Sullivan, 921 F.2d 1221, 1223 (11th Cir. 1991). In this circuit medical evidence of pain itself, or of its intensity, is not required.

> While both the regulations and the Hand standard require objective
> medical evidence of a condition that could reasonably be expected to cause
> the pain alleged, neither requires objective proof of the pain itself. Thus
> under both the regulations and the first (objectively identifiable condition)
> and third (reasonably expected to cause pain alleged) parts of the Hand
> standard a claimant who can show that his condition could reasonably be
> expected to give rise to the pain he alleges has established a claim of
> disability and is not required to produce additional, objective proof of the
> pain itself. See 20 CFR §§ 404.1529 and 416.929; Hale at 1011.

Elam v. Railroad Retirement Bd., 921 F.2d 1210, 1215 (11th Cir. 1991) (parenthetical information omitted) (emphasis added). Furthermore, it must be kept in mind that "[a] claimant's subjective testimony supported by medical evidence that satisfies the pain standard is itself sufficient to support a finding of disability." Foote at 1561. Therefore, if a claimant testifies to disabling pain and satisfies the three part pain standard, she must be found disabled unless that testimony is properly discredited.

When the Commissioner fails to credit a claimant's pain testimony, he must articulate reasons for that decision.

> It is established in this circuit that if the Secretary fails to articulate reasons for
> refusing to credit a claimant's subjective pain testimony, then the Secretary, as a
> matter of law, has accepted that testimony as true. Implicit in this rule is the
> requirement that such articulation of reasons by the Secretary be supported by
> substantial evidence.

Hale v. Bowen, 831 F.2d 1007, 1012 (11th Cir. 1987). Therefore, if the ALJ either fails to

articulate reasons for refusing to credit the plaintiff's pain testimony, or if his reasons are not supported by substantial evidence, the pain testimony of the plaintiff must be accepted as true.

## THE IMPACT OF A VOCATIONAL EXPERT'S TESTIMONY

It is common for a vocational expert ("VE") to testify at a claimant's hearing before an ALJ, and in many cases such testimony is required. The VE is typically asked whether the claimant can perform her past relevant work or other jobs that exist in significant numbers withing the national economy based upon hypothetical questions about the claimant's abilities in spite of her impairments. "In order for a vocational expert's testimony to constitute substantial evidence, the ALJ must pose a hypothetical question which comprises all of the claimant's impairments." Jones v. Apfel, 190 F.3d 1224, 1229 (11th Cir. 1999).

If the claimant is unable to perform her prior relevant work the burden shifts to the Commissioner to establish that she can perform other work. In such cases, if the vocational expert testimony upon which the ALJ relies is based upon a hypothetical question that does not take into account all of the claimant's impairments, the Commissioner has not met that burden, and the action should be reversed with instructions that the plaintiff be awarded the benefits claimed. This is so even if no other hypothetical question is posed to the VE. See Gamer v. Secretary of Health and Human Services, 815 F.2d 1275, 1280 (9th Cir. 1987)(noting that when the burden is on the Commissioner to show the claimant can do other work, the claimant is not obligated to

5

pose hypothetical questions in order to prevail). However, it is desirable for the VE to be asked whether the claimant can perform any jobs if her subjective testimony or the testimony of his doctors is credited. Such a hypothetical question would allow disability claims to be expedited in cases in which the ALJ's refusal to credit that testimony is found not to be supported by substantial evidence.

In Varney v. Secretary of Health and Human Services, 859 F.2d 1396 (9th Cir. 1987), the Ninth Circuit adopted the Eleventh Circuit rule which holds that if the articulated reasons for rejecting the plaintiff's pain testimony are not supported by substantial evidence, that testimony is accepted as true as a matter of law. Id at 1401. The court noted that "[a]mong the most persuasive arguments supporting the rule is the need to expedite disability claims." Id. If the VE is asked whether the claimant could perform other jobs if her testimony of pain or other subjective symptoms is accepted as true, the case might be in a posture that would avoid the necessity of a remand. As Varney recognized, if the VE testifies the claimant can perform no jobs if her pain testimony is accepted as true, the only relevant issue would be whether that testimony was properly discredited. Id. This also holds true for the opinions of treating physicians.

## DISCUSSION

ALJ Cates found that the plaintiff "has the following severe combination of impairments: rheumatoid arthritis and other inflammatory polyarthralgias and a history of left breast cancer in remission . . . ." [R. 18]. On August 25, 2005, the plaintiff's treating rheumatologist, William J. Shergy, M.D., issued a "To Whom It May Concern"

letter on her behalf:

> I am writing this letter on behalf of my patient, Ms. Linda Hastings, whom I have been following for the past several years with underlying rheumatoid arthritis. Ms. Hastings has had severe progressive inflammatory arthritis that has been uncontrolled with conventional measures. She has proceeded through a stepwise approach of non-steroidal anti-inflammatory drugs, disease modifying agents of rheumatic disease and corticosteroid therapy with marginal control of her arthritis. She has been considering therapy with biologic agents but this has been very difficult due to her severe comorbid condition of underlying breast cancer. Ms. Hastings has significant inflammation in multiple joints. She has a Hack disability that is elevated indicating marked difficulty and poor functioning status not only in avocational activities but also in activities of routine daily living. She, on her most recent visit of June 2005, continued to have multiple tender, swollen and inflamed joints. Ms. Hastings has very active disease. It is my firm opinion that she is totally and fully disabled from performing in any work capacity.

[R. 315]. The ALJ found "that the claimant's medically determinable impairments could reasonably be expected to produce the alleged symptoms, but that the claimant's statements concerning the intensity, persistence and limiting effects of these symptoms are not entirely credible." [R. 20].

In his decision, the ALJ summarized the plaintiff's testimony:

> At the hearing, the claimant testified she was married, but lives by herself. Her husband works out of town and comes home about once a month. She testified that she draws $924 a month through long-term disability. She stopped work due to her impairments. She stated that she has sleep problems due to her pain and wakes up frequently. Sometimes she naps during the day, from 15 minutes to one hour. Her driving is limited to about 20 miles a week and she has a handicap tag for parking convenience. She prepares simple meals and watches television about three to four hours a day. She reads about two hours a day and cross stitches a little each day to keep her hands limber.

[R. 20]. However, the ALJ did not discount the plaintiff's testimony regarding her pain

and limitations; he merely made a conclusory statement that her statements are not entirely credible. [Id.]. He then dismissed Dr. Shergy's opinion that the plaintiff is "totally and fully disabled from performing in any work capacity," stating that "whether an individual is disabled for the purpose of entitlement to Social Security benefits, is an issued reserved to the commissioner." [Id.].

It is true that the Commissioner is "responsible for making the determination or decision about whether [a claimant] meet[s] the statutory definition of disability." 20 C.F.R. § 404.1527(e)(1). However, "[i]n doing so, [the Commissioner] review[s] all of the medical findings and other evidence that support a medical source's statement that [a claimant] is disabled." [Id.].

In this case, the ALJ did not properly apply the Eleventh Circuit pain standard. The medical records show the presence of conditions that could reasonably be expected to cause disabling pain. At the hearing, the plaintiff testified to having difficulty sleeping caused by "[m]ostly pain, not being able to find a comfortable position." [R. 517]. Although the ALJ stated that the plaintiff testified that she "cross stitches a little each day to keep her hands limber," [R. 20] the plaintiff actually testified that she "might do that twice a week, on a good week. As far as – I know that that should help my hands, but sometimes I just cannot talk myself into starting it because my hands are hurting." [R. 518]. She testified that she napped in the afternoon for as long as an hour. [R. 515]. After defining a "bad day" as one where she cannot get out of bed easily or move about her house easily, she estimated that she has "bad days, on average, let's say two days a

week." [R. 519].

The ALJ made no effort to discount the plaintiff's testimony regarding her pain and limitations, other than to selectively cite to isolated treatment notes from Dr. Shergy's records where improvement was noted. [R. 20]. A longitudinal review of Dr. Shergy's records over the course of his treatment of the plaintiff shows a wide variation in her symptoms and although some prescribed medications initially were effective in controlling her symptoms, these medications eventually lost their efficacy, and new medications were experimented with. [R. 316-323; 382-390].[1]

The ALJ's conclusion that the plaintiff's allegations of pain, symptoms and limitations were only partially credible is not supported by substantial evidence. The activities of daily living testified to by the plaintiff do not support a finding that the plaintiff's pain testimony is not true. The ability to perform the limited activities described by the plaintiff does not rule out the presence of disabling pain. The ability to watch television, do occasional shopping, or perform other sporadic activities does not mean the plaintiff is not disabled. In this circuit it has been recognized that "participation in everyday activities of short duration, such as housework or fishing" does not disqualify a claimant from disability. Lewis v. Callahan, 125 F.3d 1346, 1441 (11th Cir. 1997). As has been noted:

> [S]tatutory disability does not mean that a claimant must be a quadriplegic or an amputee. Similarly, shopping for the necessities of life is not a

---

[1] The ALJ did not have the benefit of reviewing records 382-390. However, these records were submitted to the Appeals Council, which issued a boilerplate denial.

> negation of disability and even two sporadic occurrences such as hunting might indicate merely that the claimant was partially functional on two days.  <u>Disability does not mean that a claimant must vegetate in a dark room excluded from all forms of human and social activity</u>. . . . It is well established that sporadic or transitory activity does not disprove disability.

<u>Smith v. Califano</u>, 637 F.2d 968, 971-72 (3rd Cir. 1981)(emphasis added).  It is the ability to engage in gainful employment that is the key, not whether a plaintiff can perform minor household chores or drive short distances.  In <u>Easter v. Bowen</u>, the court observed as follows:

> Moreover, an applicant need not be completely bedridden or unable to perform any household chores to be considered disabled. <u>See Yawitz v. Weinberger</u>, 498 F.2d 956, 960 (8th Cir.1974).  What counts is the ability to perform as required on a daily basis in the "sometimes competitive and stressful" environment of the working world.  <u>Douglas v. Bowen</u>, 836 F.2d 392, 396 (8th Cir.1987) (quoting <u>McCoy v. Schweiker</u>, 683 F.2d 1138, 1147 (8th Cir.1982) (en banc)).

867 F.2d 1128, 1130 (8th Cir. 1989).  The <u>Easter</u> court further noted that "[e]mployers are concerned with substantial capacity, psychological stability, and steady attendance . . . ." 867 F.2d at 1130 (quoting <u>Rhines v. Harris</u>, 634 F.2d 1076, 1079 (8th Cir.1980)).

With this standard in mind, it is clear that the ALJ's rejection of the plaintiff's pain testimony is not supported by substantial evidence.  Therefore, the ALJ failed to satisfy the requirements of <u>Hale</u>.  The conclusion of that court is equally appropriate in the instant case.  "[T]he Secretary has articulated reasons for refusing to credit the claimant's pain testimony, but none of these reasons is supported by substantial evidence.  It follows, therefore, that claimant's pain testimony has been accepted as true." <u>Hale</u>, at 1012.

The vocational expert (VE) was questioned at the hearing:

Q: Okay. If, if Claimant was not – she had flare ups that required her to miss work more than two days per month, could, could the Claimant still perform competitive jobs?

A: No, sir, that would preclude all work activity.

Q: Okay. If Claimant had the need to lie down for more than what would be allowed during the customary breaks and, and lunch, could the Claimant perform competitive work?

A: No, sir, that would preclude all work activity.

[R. 522].

## CONCLUSION

This is a case where "the [Commissioner] has already considered the essential evidence and it is clear that the cumulative effect of the evidence establishes disability without any doubt." Davis v. Shalala, 985 F.2d 528, 534 (11th Cir. 1993). In such a case the action should be reversed and remanded with instructions that the plaintiff be awarded the benefits claimed. Id. Therefore, the plaintiff is disabled within the meaning of the Social Security Act. An appropriate order remanding the action with instructions that the plaintiff be awarded the benefits claimed will be entered contemporaneously herewith.

DONE and ORDERED 28 October 2009.

UNITED STATES DISTRICT JUDGE
J. FOY GUIN, JR.